UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LABORERS' LOCAL 265 ) | |
| PENSION FUND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:13-cv-00046 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Knowles |
| iSHARES TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## INDEPENDENT DIRECTOR-DEFENDANTS' MOTION TO DISMISS

Defendants, Robert H. Silver, George G. C. Parker, John E. Martinez, Cecilia H. Herbert, Charles A. Hurty, John E. Kerrigan, and Madhav V. Rajan (the "Independent Director-Defendants"), respectfully move this Court, pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure, to dismiss the Complaint against them, with prejudice, on the grounds that the Complaint fails to state a claim upon which relief may be granted and, alternatively, with respect to Counts II and III, Plaintiffs lack standing to bring those claims derivatively.

Specifically, Count I of the Complaint fails because § 36(b) of the Investment Company Act of 1940 ("ICA") does not allow a private right of action in connection with transactions subject to Section 17 of the ICA or any orders issued under Section 17 by the SEC. The fees at issue in this case were paid in connection with securities lending transactions that are subject *both* to Section 17 and an order issued by the SEC exempting defendants from compliance with Section 17. Furthermore, Count I fails as against all individual defendants, including the Independent Director-Defendants, because a claim under § 36(b) for excessive management fees is permitted only against "the recipient of such compensation or payment" and the Complaint nowhere alleges that any of the Independent Director-Defendants received any of the fees at

1

issue. Accordingly, Plaintiffs have no claim under § 36(b) of the ICA, and Count I should be dismissed.

Additionally, Counts II and III of the Complaint, which allege claims pursuant to Sections 47(b) and 36(a) of the ICA, respectively, fail because there is no private right of action under either section. Even if there were a private right of action, Counts II and III fail because Plaintiffs lack standing to assert such claims derivatively because they failed to satisfy the pre-suit demand requirements under state law and Rule 23.1 of the Federal Rules of Civil Procedure. Consequently, Counts II and III must also be dismissed.

The Independent Director-Defendants have filed herewith a memorandum in support of their motion to dismiss.

Respectfully submitted,

/s/ J. Mark Tipps
J. Mark Tipps
John C. Hayworth
Emily B. Warth
WALKER TIPPS & MALONE PLC
2300 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2415

Bruce H. Schneider, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038

*Attorneys for Robert H. Silver, George G. C. Parker, John E. Martinez, Cecilia H. Herbert, Charles A. Hurty, John E. Kerrigan, and Madhav V. Rajan*

2

**CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other parties by U. S. Mail, first-class postage prepaid, this 12th day of March, 2013, on the following:

| | |
|---|---|
| James G. Stranch, III, Esq. | C. Mark Pickrell, Esq. |
| Michael G. Stewart, Esq. | William G. Brown, Esq. |
| J. Gerard Stranch, IV, Esq. | Andrew E. Hill, Esq. |
| Karla M. Campbell, Esq. | The Pickrell Law Group, P.C. |
| BRANSTETTER, STRANCH & JENNINGS, PLLC | Suite 200 |
| 227 Second Avenue, North | 5701 Old Harding Pike |
| Nashville, Tennessee 37201 | Nashville, Tennessee 37205 |
| | |
| Steven A. Riley, Esq. | Seth M. Schwartz, Esq. |
| John R. Jacobson, Esq. | Jeremy Berman, Esq. |
| Milton S. McGee, III, Esq. | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| RILEY, WARNOCK & JACOBSON | Four Times Square |
| 1906 West End Avenue | New York, New York 10036-6522 |
| Nashville, Tennessee 37203 | |

                                                      /s/ J. Mark Tipps